# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| NISHORIA HINA | § § | |
| v. | § § | Civil Action No. 4:17-CV-553 |
| MATTEL, INC. AND FISHER-PRICE, INC. | § § § | Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants Mattel, Inc. and Fisher-Price, Inc.'s (collectively "Defendants") 12(b)(6) Partial Motion to Dismiss, or Alternatively 12(e) Motion for More Definite Statement (Dkt. #13). After reviewing the relevant pleadings and motions, the Court finds Defendants' motion should be granted in part and denied in part.

## BACKGROUND

This case arises from alleged injuries Plaintiff Nishoria Hina sustained on or about September 26, 2016. Plaintiff alleges such injuries resulted from a Fisher-Price Power Wheels Disney Frozen Jeep (the "Toy Jeep") she ordered from a retail website. Specifically, Plaintiff claims that as she lifted the Toy Jeep's frame from its packaging, the Toy Jeep's battery fell out of the Toy Jeep and landed on her big toe of her right foot. Plaintiff asserts that Defendants placed the battery inside an unsealed individual cardboard box inside of the hood of the Toy Jeep, unattached to anything, with the hood of the Toy Jeep left unlatched. Additionally, Plaintiff claims the unsealed cardboard box, which held the battery, did not contain visible marks from staples, glue, or tape. As a result, Plaintiff filed suit against Defendants for negligence, strict liability, breach of warranty, and fraudulent concealment.

On September 19, 2017, Defendants filed its Motion to Dismiss, or Alternatively Motion for More Definite Statement (Dkt. #13). On October 3, 2017, Plaintiff filed her response (Dkt.

#15). Defendants filed their reply (Dkt. #16) on October 10, 2017, and Plaintiff filed her sur-reply (Dkt. #17) on October 17, 2017.

**LEGAL STANDARD**

**I. 12(b)(6)**

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The Court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The Court must then determine whether the complaint states a claim for relief that is plausible on its face. "'A claim has facial plausibility when the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the [C]ourt to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the Court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing [C]ourt to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure allows a party to move for a more definite statement of the pleadings when the pleadings are "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement . . . before responding." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). Motions for a more definite statement are generally disfavored because "in view of the great liberality of Federal Rule of Civil Procedure 8 . . . it is clearly the policy of the Rules that Rule 12(e) should not be used to . . . require a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Source Data Acquisition, LP v. Talbot Grp., Inc.*, 4:07-cv-294, 2008 WL 678645, at *2 (E.D. Tex. Mar. 11, 2008) (citing *Mitchell v. E-Z Way*

3

*Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959)). In addition, "when a defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Hoffman v. Cemex, Inc.*, No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (citing *Arista Records LLC v. Greubel*, 453 F.Supp. 2d 961, 972 (N.D. Tex. 2006)). "Nevertheless, parties may rely on Rule 12(e) as a mechanism to enforce the minimum requirements of notice pleading." *Id.*

## ANALYSIS

Defendants argue Plaintiff's claims for strict liability, breach of warranty, and fraudulent concealment "are insufficient to state a claim for relief and should be dismissed" pursuant to Rule 12(b)(6) (Dkt. #13 at ¶ 3). Alternatively, Defendants claim "Plaintiff's claims are conclusory, confused, and unclear," and as a result asks the Court to strike Plaintiff's Complaint (Dkt. #1) and instruct Plaintiff to file a more definite statement (Dkt. #13 at ¶ 4). Conversely, Plaintiff avers she "sufficiently plead[ed] all causes of action pursuant to the federal pleading requirements." (Dkt. #15 at ¶ 2.04). The Court addresses each claim in turn.

### I. Strict Liability

"To make out a strict liability cause of action, a party must establish that: (1) a product is defective; (2) the defect rendered the product unreasonably dangerous; (3) the product reached the consumer without substantial change in its condition from the time of original sale; and (4) the defective product was the producing cause of the injury to the user." *Elmazouni v. Mylan, Inc.*, 220 F. Supp. 3d 736, 741 (N.D. Tex. 2016) (quoting *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir. 1984)). "A product may be unreasonably dangerous because of a defect in marketing, design, or manufacturing." *Id.* (citing *Am. Tobacco Co., Inc. v. Grinnell*, 951 S.W.2d 420, 426 (Tex.

4

1997)). Here, Plaintiff alleges strict liability based on a manufacturing defect, design defect, and marketing defect (also known as failure to warn). As such, the Court addresses the plausibility of each claim in turn.

   a. **Manufacturing Defect**

A manufacturing defect "exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders its unreasonably dangerous." *Casey v. Toyota Motors Eng'g & Mfg. N. Am., Inc.*, 770 F.3d 322, 326 (5th Cir. 2014); *accord Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). Plaintiff states in her complaint that "[t]he Toy Jeep as manufactured, designed, labeled and packaged by Defendants, was defective and unsafe for its intended use." (Dkt. #1 at ¶ 23). Further, Plaintiff alleges that "the battery had been placed in the unsealed, individual cardboard box inside of the hood of the Toy Jeep, unattached to anything, with the hood of the Toy Jeep left unlatched and susceptible to falling open when removed from the packaging." (Dkt. #1 at ¶ 12). In other words, Plaintiff claims that because the cardboard box was unsealed and the hood unlatched, the Toy Jeep deviated from the specifications or planned output.

Taking these allegations as true, Plaintiff sufficiently pleaded a claim for manufacturing defect.[1] *See Reed v. C.R. Bard, Inc.*, No. 1:14-CV-359, 2015 WL 11110600, at *4 (E.D. Tex. Mar. 30, 2015).

   b. **Design Defect**

"To recover for a products liability claim alleging a design defect, a plaintiff must prove (1) the product was defectively designed so as to render it unreasonably dangerous; (2) a safer

---

[1] Defendants argue "Plaintiff's allegations pertain to negligent packaging of the battery, not the product itself—The Toy Jeep," which warrants dismissal of Plaintiff's manufacturing defect claim (Dkt. #16 at ¶ 3). However, Defendants failed to cite to case law, and the Court found none, establishing that a claim for manufacturing defect based on the product or its packaging is distinguishable from one another.

5

alternative design existed; and (3) the defect was a producing cause of the injury for which the plaintiff seeks recovery." *Goodner v. Hyundai Motor Co., Ltd.*, 650 F.3d 1034, 1040 (5th Cir. 2011); *accord Reed*, 2015 WL 11110600, at *3. Defendants argue Plaintiff's allegations are not facially plausible because they "do not pertain to any unreasonable dangerous design or suggest a safer alternative design existed." (Dkt. #16 at ¶ 4). A "safer alternative design" means a product design other than the one actually used that in reasonably probability:

(1) would have prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death without substantially impairing the product's utility; and
(2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge.

TEX. CIV. PRAC. & REM. CODE § 82.005. In Plaintiff's complaint, Plaintiff alleges "[t]he Toy Jeep as manufactured, designed, labeled and packaged by Defendants, was defective and unsafe for its intended use." (Dkt. #1 at ¶ 23). Additionally, Plaintiff claims that "the battery had been placed in the unsealed, individual cardboard box inside of the hood of the Toy Jeep, unattached to anything, with the hood of the Toy Jeep left unlatched and susceptible to falling open when removed from the packaging. (Dkt. #1 at ¶ 12). Viewing these allegations as true, the Court finds Plaintiff's claims are insufficient to satisfy the safer alternative design requirement at the pleading stage. However, looking at Plaintiff's sur-reply, the Court finds Plaintiff provides sufficient detail for a safer alternative design (Dkt. #17 at ¶ 2.02). Specifically, Plaintiff claims "that a safer alternative design would have been to place the Toy Jeep battery safely inside the individual container actually designed and provided in the packaging, for that purpose and not loosely inside the unlatched hood of the Toy Jeep." (Dkt. #17 at ¶ 2.02). As such, the Court finds the appropriate remedy is to allow Plaintiff to replead and file a more definite statement regarding her design defect claim.

### c. Failure to Warn

"[A] product may be unreasonably dangerous if a manufacturer fails to warn of a foreseeable risk arising from the use of the product, and the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous." *Polanco v. Innovation Ventures, LLC*, No. 7:13-CV-568, 2014 WL 12599332, at *2 (S.D. Tex. May 5, 2014) (quoting *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 427 (5th Cir. 2001)).

Plaintiff alleges in her complaint that "there were no warnings for an event such as this on the exterior packaging of the Toy Jeep." (Dkt. #1 at ¶ 14). Specifically, Plaintiff claims that "the packaging [that] the Toy Jeep came in provided no warnings regarding the safe opening of the packaging, the placement of the battery, the possibility of heavy, dangerous parts falling from the packaging or any warnings regarding harm from opening the package whatsoever." (Dkt. #1 at ¶ 23). The Court finds these allegations are sufficient to state a claim for failure to warn under the Rule 12(b)(6) standard.

## II. Breach of Warranty

In asserting Plaintiff's breach of warranty claims, Plaintiff alleges Defendants breached both express warranties and the implied warranty of merchantability. The Court addresses each claim separately.

### a. Express Warranty

Defendants claim Plaintiff failed to "present any legal basis for the creation of an express warranty," which warrants dismissal (Dkt. #13 at ¶ 20). Conversely, Plaintiff contends her pleadings meet the plausibility standard because "Plaintiff clearly relied upon the fact that the Toy Jeep, including the way it was assembled and packaged, was supposed to be safe for a child as small as [Plaintiff's] own." (Dkt. #15 at ¶ 2.12).

To succeed on a breach of express warranty claim, the plaintiff must prove: "(1) an affirmation or promise made by the seller to the buyer; (2) that such affirmation or promise was part of the basis for the bargain, e.g. that the buyer relied on such affirmation or promise in making the purchase; (3) that the goods failed to comply with the affirmation or promise; (4) that there was financial injury; and (5) that the failure to comply was the proximate cause of the financial injury to the buyer." *Lindemann v. Eli Lilly and Co.*, 816 F.2d 199, 202 (5th Cir. 1987) (citations omitted); *see also* TEX. BUS. & COM. CODE § 2.313.

Plaintiff alleges in her complaint that "Defendants breached express warranties created by the representations described more fully above," and that "[t]hese breaches of express warranties were a proximate cause of the damages to Plaintiff described more fully herein." (Dkt. #1 at ¶ 27). However, Plaintiff omits from her complaint any allegations describing the existence or content of an express warranty or that such an affirmation or promise constituted the basis for the bargain. Despite this omission, Plaintiff asserts in her brief that she purchased the Toy Jeep relying "upon the fact that the Toy Jeep, including the way it was assembled and packaged, was supposed to be safe for a child as small as her own." (Dkt. #15 at ¶ 2.12). As such, although the Court finds Plaintiff's breach of express warranty claim questionable at best, repleading, not dismissal, is the more appropriate remedy at this stage of the litigation.

**b. Implied Warranty of Merchantability**

Defendants argue that "Plaintiff's Complaint merely states Defendants breached an implied warranty of merchantability but does not address how the Toy Jeep was not fit for its ordinary use." (Dkt. #13 at ¶ 22). Conversely, Plaintiff alleges Defendants "failed to comply with the Toy Jeep's implied safety when Defendants failed to follow [their] own package protocols, severely

injuring Plaintiff as she unpackaged the Toy Jeep in an attempt to assemble the product." (Dkt. #17 at ¶ 2.04).

"To establish a breach of the implied warranty of merchantability, a plaintiff must show that the product contained a defect that renders it unfit for its ordinary purpose, the defect existed when it left the manufacturer's possession, and that the defect caused the plaintiff to suffer injury." *Barragan*, 2015 WL 5734842, at *8 (citing *Gen. Motors Corp. v. Garza*, 179 S.W.3d 76, 81 (Tex. App.—San Antonio 2005, no pet.); *Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 619, 723 (Tex. App.—Fort Worth 2003, pet. denied); TEX. BUS. & COM. CODE § 2.314)).

Plaintiff alleges in her complaint that "Defendants breached the implied warranty of merchantability . . . by selling the Toy Jeep when it was not fit for the ordinary purpose for which such goods are used because of the safety, design, packaging, labeling and manufacturing defects described more fully herein." (Dkt. #1 at ¶ 26). Stated differently, Plaintiff contends the improperly packaged battery constituted the Toy Jeep's defect, which rendered it unfit for its ordinary purpose and ultimately caused Plaintiff's alleged injuries. Taking these allegations as true, the Court finds Plaintiff pleaded sufficient factual material to create a plausible claim for breach of implied warranty of merchantability. *See Barragan*, 2015 WL 5734842, at *8.

## III. Fraudulent Concealment

Defendant claims that "Plaintiff's fraudulent concealment claim fails to state any detail regarding the manner in which Defendants knowingly concealed their knowledge of the alleged defects or concealed a material fact for the purpose of inducing Plaintiff's reliance." (Dkt. #13 at ¶ 26). Conversely, Plaintiff contends she sufficiently pleaded her claim for fraudulent inducement.

"Claims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject

9

to the requirements of Rule 9(b)." *Broxterman v. State Farm Lloyds*, No. 4:14-CV-661, 2016 WL 397560, at *2 (E.D. Tex. Feb. 2, 2016) (citations omitted). Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b). "Rule 9(b)'s particularity requirement generally means that the pleader must set forth the 'who, what, when, where, and how' of the fraud alleged." *Broxterman*, 2016 WL 397560, at *2 (quoting *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005)). "Courts are able to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations." *Id.* (citing *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997)). "Failure to comply with Rule 9(b)'s requirements authorizes the Court to dismiss the pleadings as it would for failure to state a claim under Rule 12(b)(6)." *Id.* (citations omitted).

"For fraudulent concealment to apply, the plaintiff must prove: (i) the defendant had actual knowledge of the wrong; (ii) the defendant concealed the wrong by making a misrepresentation or by remaining silent when it had a duty to speak; (iii) the defendant had a fixed purpose to conceal the wrong; and (iv) the plaintiff reasonably relied on the misrepresentation or silence." *Ramsbacher v. Fairchild Semiconductor Corp.*, No. 2:07-CV-04, 2008 WL 899360, at *2 (E.D. Tex. Mar. 31, 2008) (citing *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001)).

Here, Plaintiff alleges in her complaint that "Defendants fraudulently concealed the defective nature of the Toy Jeep from Plaintiff and consumers in general." (Dkt. #1 at ¶ 29). Plaintiff contends this is evident because, "the battery had been placed in the unsealed, individual cardboard box inside the hood of the Toy Jeep, unattached to anything, with the hood of the Toy Jeep left unlatched and susceptible to falling open when removed from the packaging." (Dkt. #1

at ¶ 12). However, nothing in Plaintiff's complaint (Dkt. #1) addresses whether Defendants "had actual knowledge of the wrong" or "a fixed purpose to conceal the wrong," *Ramsbacher*, 2008 WL 899360, at *2. Despite this, Plaintiff provides more detail in her brief when she argues that "the fact that there were no warnings on the exterior packaging of the Toy Jeep shows that Defendants had concealed their knowledge of the defects for the purpose of inducing Plaintiff's reliance." (Dkt. #15 at ¶ 2.13). Although the Court finds Plaintiff did not satisfy the heightened pleading standard, the Court finds the appropriate remedy is to allow Plaintiff to replead and file a more definite statement regarding her fraudulent concealment claim.

## CONCLUSION

It is therefore **ORDERED** that Defendants' 12(b)(6) Partial Motion to Dismiss, or Alternatively 12(e) Motion for More Definite Statement (Dkt. #13) is hereby **GRANTED in part and DENIED in part.** Specifically, Plaintiff is ordered to provide a more definite statement that complies with all of the Federal Rules of Civil Procedure within fourteen (14) days of receipt of this Order as to her design defect, breach of express warranty, and fraudulent concealment claims.

**SIGNED this 30th day of November, 2017.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE